IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOY SWEETING,

   Plaintiff,

v.

HIGHMARK, INC.,

   Defendant

Civil Action No. 04-368 – Erie

Judge Sean J. McLaughlin

## STIPULATION AND PROTECTIVE ORDER

Plaintiff and Defendant hereby stipulate and agree to this Protective Order.

1. Plaintiff has requested the production of personnel files of various Highmark employees, which will require the disclosure of material which is confidential and personal regarding individuals who are not parties to this action.

2. The parties, by their counsel, have agreed to Highmark's production of such personnel files (hereinafter referred to as "Protected Materials") for inspection, copying and use in the present action, subject to the terms of this Protective Order.

3. Access to the Protected Materials shall be limited to Plaintiff's attorneys of record and Plaintiff's experts solely for use in the preparation or trial of the above-captioned civil action. They shall not disclose the Protected Materials to any current or former employees of Highmark or to any other person or entity.

4. Nothing in this Stipulation And Protective Order is intended to limit the rights of Defendant to disseminate or disclose its own information or documents to others. Rather, the limitations imposed by this Protective Order apply to the party receiving documents from the other side.

5. The contents of the Protected Materials subject to this Protective Order may be referred to in pleadings, briefs, or memoranda filed with the Court, and the Protected Materials may be made exhibits to such pleadings, briefs, memoranda or depositions. Nothing herein shall preclude any party from asking the Court to enter an order sealing a pleading, brief, or memorandum which refers to Protected Materials or any pleading, brief or memorandum to which any Protected Material is attached as an exhibit.

6. Nothing herein shall affect or inhibit the right of any party to offer into evidence at trial the information or documents protected herein, or to object to the admission into evidence of any such information or documents.

7. At the conclusion of this case, Plaintiff's attorneys and experts shall promptly destroy all Protected Materials or return them to Highmark's attorney of record.

8. This Protective Order shall not apply to any information or document that is a matter of public record or in the public domain.

| | |
|---|---|
| Joel S. Sansone (PA Id. No. 41008)<br>Scanlon & Sansone<br>2300 Lawyers Building<br>428 Forbes Avenue<br>Pittsburgh, PA 15219<br>(412) 281-9194 | Martha Hartle Munsch<br>Pa. ID No. 18176<br>REED SMITH LLP<br>435 Sixth Avenue<br>Pittsburgh, PA 15219<br>(412) 288-4118 |
| Counsel for Plaintiff | Counsel for Defendant<br>Highmark Inc. |

IT IS SO ORDERED, this _____ day of _____, 2005.

_____
United States District Judge

cc: All Counsel of Record