IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOY SWEETING,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>HIGHMARK, INC.,<br>　　　　　Defendant. | Civil Action No. 04-368 – Erie<br><br>The Hon. Sean J. McLaughlin<br><br>ELECTRONIC FILING |

**DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Perhaps sensing her inability to proffer any evidence to establish a fact issue as to her claims of age discrimination, Plaintiff has employed a strategy of barraging the Court with irrelevant, nonmaterial facts in the hopes of creating an issue of fact where none exists. Plaintiff's strategy should not be countenanced. Plaintiff's Opposition does nothing to refute Highmark's arguments that there is no genuine issue of material fact that would preclude judgment in its favor.[1] In fact, Plaintiff does not

---

[1] Plaintiff arguably has **admitted** all of the facts in Highmark's Statement of Material Undisputed Facts. As required by Local Rule 56.1, Highmark submitted "a separately filed concise statement [of material facts] setting forth the facts essential for the court to decide the motion for summary judgment . . . ." L.R. 56.1.A. In response, Plaintiff was required to include "a separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by: (a) admitting or denying whether each fact contained in the moving party's Concise Statement of Material Facts is undisputed and/or material; . . . ." L.R. 56.1.C. Rule 56.1 further directs that, "Alleged material facts set forth in the moving party's Concise Statement of Material Facts . . . which are claimed to be undisputed, will for the purposes of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement by the opposing party." L.R. 56.1.E. Although Plaintiff filed a "Counterstatement of Material Facts," contrary to Local Rule 56.1, Plaintiff failed to admit or deny whether each of the facts in Highmark's Statement of Undisputed Material Facts is undisputed and/or material. Accordingly, all of the facts set forth in Highmark's Statement should be deemed admitted.

refute the very facts that establish that her claims are meritless. Highmark's motion for summary judgment should be granted and Plaintiff's Complaint should be dismissed in its entirety.

### A. Judgment Should Be Entered On Plaintiff's Gender Discrimination Claim.

In her Opposition, Plaintiff states that she "will not pursue a claim of sex discrimination in this matter." *Plaintiff's Opposition Brief* ("Opposition Brief") at 5. Accordingly, Count II of Plaintiff's Complaint for "Sexual Discrimination" should be dismissed with prejudice. Therefore, the **only** remaining claim at issue is Plaintiff's claim for age discrimination. But, as discussed below as well as at length in Highmark's Brief in Support of its Motion for Summary Judgment ("Brief in Support"), Plaintiff cannot establish that age played any role whatsoever in Highmark's decision not to hire her for the position of Community-Based Site Consultant.

### B. Judgment Should Be Entered on Plaintiff's Age Discrimination Claim Because She Has Not Established A Genuine Issue Of Material Fact.

Plaintiff's entire Opposition Brief is premised on a fatal misunderstanding and misstatement of her own claim: the allegedly adverse employment decision. Plaintiff improperly intertwines the decision to eliminate her position as HealthPLACE Administrator and the decision not to offer her a position in the new organization. Contrary to Plaintiff's assertions, and as described in Defendant's Brief in Support, Plaintiff's Complaint challenges two **separate and distinct** decisions: (i) the decision to eliminate her position as HealthPLACE Administrator and (ii) the decision not to select her for a position in the new organization, namely the Community-Based Site Consultant position in Erie. The distinction is critical because there were different sets

of business reasons for those two separate and distinct business decisions. Highmark has articulated legitimate nondiscriminatory business reasons for each of those separate business decisions, and Plaintiff has not shown those reasons to be pretextual.

Plaintiff **does not dispute or otherwise refute** that the decision to eliminate her position as HealthPLACE Administrator was because the entire HealthPLACE organization was eliminated. **Plaintiff does not challenge this decision or otherwise argue that this decision was because of her age.** Indeed, Plaintiff's entire Opposition Brief is devoid of any discussion of Highmark's decision to eliminate HealthPLACE or its decision to eliminate the position of HealthPLACE Administrator. Summary judgment, therefore, is appropriate as to Plaintiff's claims that she was **terminated** because of her age. Thus, the **only** issue that remains is whether the decision not to hire Plaintiff in the new organization was age-based. The overwhelming undisputed and unrefuted evidence establishes that it was not.

The second decision – the decision not to hire Plaintiff as a Community-Based Site Consultant – was because she was not qualified. Plaintiff fails to raise an issue of material fact as to this decision as well. Plaintiff's inability to sustain her burden stems from several misstatements about the facts and the law. First, Plaintiff wrongly asserts that the six "reasons" outlined in her Opposition Brief are the reasons for Highmark's decision not to offer the position to Plaintiff. As discussed at length in Highmark's Brief in Support, the reason that Plaintiff was not selected for the Community-Based Site Consultant position was because she was **not qualified, period.** The "reasons" Plaintiff seeks to discredit are merely the types of things – when considered together along with Plaintiff's lack of qualifications for the position – that caused Anna

Silberman to have a negative impression of Plaintiff, thus making Plaintiff even less desirable for the position.  Significantly, Plaintiff **does not dispute** any of the **facts** that caused Ms. Silberman to have a negative impression of Plaintiff or the fact that Ms. Silberman felt this way.  Plaintiff's entire Opposition Brief is a futile attempt to question Highmark's business judgment -- an attempt that falls fatally short of establishing pretext.

To briefly reiterate, Highmark determined that Plaintiff was not qualified based, in large part, on Plaintiff's most recent performance review in which Plaintiff received a **"Does Not Meet Expectations"** rating for the objective that constituted **50% of her overall responsibilities**, e.g., worksite wellness. **Plaintiff does not dispute this fact.**  As explained in Highmark's principal brief at p. 13 n.10, a goal of the worksite wellness initiative was to quantify the outcomes of a data-driven wellness modal.  This same fundamental goal -- for which Plaintiff had received a "Does Not Meet Expectations" rating -- was embodied in the Community-Based Site Consultant position. See Highmark's Statement of Facts at ¶ 20. **Plaintiff also does not dispute these facts.**[2]

Instead, Plaintiff spends considerable energy arguing that she was **more** qualified or deserving of the position over Ms. Swick.  But, this clearly is insufficient to establish pretext because Plaintiff's own **subjective beliefs** as to her qualifications are completely irrelevant.  It is well established in this Circuit that in discrimination actions, a plaintiff's "view of his performance is not at issue; what matters is the perception of the

---

2   Plaintiff also does not dispute the fact that Ms. Silberman considered her to be administratively weak -- another factor that contributed to Ms. Silberman's decision to not select her for the position.

decision maker. The fact that an employee disagrees with an employer's evaluation of him does not prove pretext." *Billet v. Cigna Corp.*, 940 F.2d 812, 825 (3d Cir. 1991). Additionally, a plaintiff's effort to compare her qualifications to those of other employees is legally insufficient to cast doubt on an employer's legitimate, articulated reason for its employment decision. *Healy v. New York Life Ins. Co.*, 860 F.2d 1209, 1220 (3d Cir. 1988).

Knowing that she cannot dispute the "Does Not Meet Expectations" rating and in an effort to divert attention away from her performance on the critical worksite wellness initiative, Plaintiff suggests that Highmark's reliance on her evaluations must be pretextual because Ms. Silberman allegedly ignored favorable ratings that she had received in other evaluations. Plaintiff's arguments, however, again fall short of establishing pretext. Pretext "is not established by virtue of the fact that an employee has received some favorable comments in some categories or has, in the past, received some good evaluations." *Ezold v. Wolf, Block, Schorr and Solis-Cohen*, 983 F.2d 509, 528 (reversing judgment for employee in Title VII sex discrimination case); *Healy*, 860 F.2d at 1216 (affirming summary judgment for employer in ADEA case and stating that "our inquiry must concern pretext, and is not an independent assessment of how we might evaluate and treat a loyal employee") (citing *Thornbrough v. Columbus & Greenvile R.R.*, 760 F.2d 633, 647 (5th Cir. 1985) ("The ADEA was not intended to be a vehicle for judicial second-guessing of business decisions, nor was it intended to transform the courts into personnel managers.")).

Moreover, to the extent Plaintiff challenges the weight Highmark placed on the "Does Not Meet Expectations" rating – or any other selection criteria – it is inconsequential because it is not a plaintiff's or a court's role to set or to second-guess

the qualifications an employer establishes for a job. *See, e.g., Ezold*, 983 F.2d at 527 (reversing judgment for employee in Title VII sex discrimination case and holding that employers have prerogative to choose selection criteria); *see also Simpson v. Kay Jewelers*, 142 F.3d 639, 642 (3d Cir. 1998) (same).[3]

Plaintiff's attempts to discredit the other "reasons" for Ms. Silberman's negative impressions of her also fall far short of establishing pretext. Although Plaintiff asserts that "[e]ach reason has been individually shown to lack even the most minimal elements of credibility or believability" (*Opposition Brief* at 8), in fact, **Plaintiff never disputes the truth of any of the "reasons."** Plaintiff, therefore, **admits** that:

- she received a "Does Not Meet Expectations" rating for the worksite wellness objective;

- the worksite wellness objective constituted 50% of her total objectives (and, therefore, 50% of her duties);

- her personnel file contained a complaint from a customer who complained that Plaintiff was "extremely unprofessional" and "rude";

- a program that she was asked to implement never materialized;

- she submitted an inaccurate expense report.[4]

---

[3] At various times throughout her Opposition Brief, Plaintiff also argues that she was qualified for the position based on a Job Description dated March 24, 2004. However, the Job Description that she relies on was created *after* the decision not to hire Plaintiff, which was conveyed to Plaintiff on March 15, 2004.

[4] Not only does Plaintiff not refute these facts, but the record evidence actually corroborates Ms. Silberman's negative impressions of her. For example, Ms. Pallago-Toy testified that there were other complaints about Plaintiff while she worked at HealthPLACE. Palaggo-Toy Dep. at 67-70 (attached under Tab A of Supplemental Appendix filed herewith.) And, Ms. Swick testified about an interaction between Plaintiff and an elderly patron at HealthPLACE in which Plaintiff cruelly chastised the patron for simply showing up late for an appointment with a dietician. Swick Dep. at 82-85 (attached under Tab B of the Supplemental Appendix.) The notion, therefore, that Ms. Silberman was lying about her assessment of Plaintiff or that she should not have had this impression – or that her assessment was a pretext for age discrimination – simply cannot be squared with the record.

Plaintiff does not dispute these facts because she cannot. Instead, Plaintiff seems to suggest that Ms. Silberman should not have considered these facts because she either had no direct knowledge of them or because the events occurred a long time ago. Plaintiff cites to no legal authority to support such a proposition. To the contrary, such an argument fails to establish pretext because it amounts to nothing more than second-guessing Highmark's business decisions. Although Plaintiff may not agree with the factors Highmark considered, as discussed above, second-guessing an employer's judgment is legally insufficient to sustain the burden of demonstrating pretext.

Plaintiff also erroneously suggests that Highmark's articulated business reason for not selecting her must be false because Ms. Silberman did not accept Tina Palaggo-Toy's opinion. *Plaintiff's Opposition Brief* at 10-11. Ms. Palaggo-Toy's opinion on this point is irrelevant because it is undisputed that Ms. Palaggo-Toy was not a decisionmaker. *Opposition Brief* at 7.[5] Thus, whether Ms. Silberman discussed her decision with Ms. Toy is irrelevant to establishing pretext. *See Beall v. Abbott Laboratories*, 130 F.3d 614, 620 (4th Cir. 1997) ("'[I]t is the perception of the decision maker which is relevant'"); *Smith v. Flax,* 618 F.2d 1062, 1067 (4th Cir. 1980) (holding plaintiff's "perception of himself. . . is not relevant. It is the perception of the decision maker which is relevant.").

Ultimately, Plaintiff's Opposition simply is an effort to second-guess Ms. Silberman's business judgment and provide a dissertation on her own qualifications – neither of which is sufficient to establish pretext. As such, Plaintiff fails to sustain her burden of demonstrating that the reasons for not selecting Plaintiff – that she was not

---

[5] Ms. Palaggo-Toy also explained that her opinion was "emotional" and "based on my relationships. I had worked with Joy longer and very deeply." Palaggo-Toy Dep. at 66.

qualified for the position – are a pretext for age discrimination. Plaintiff fails to contradict any of the material facts that, as discussed above and in Highmark's Brief in Support, support judgment in its favor. In short, Plaintiff has not -- and cannot – proffer *any* evidence establishing that age played any role whatsoever in Ms. Silberman's decision not to select her for the Community-Based Site Consultant position.

Respectfully submitted,

s/ Martha Hartle Munsch
Martha Hartle Munsch
PA18176
Shweta Gupta
PA84388
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA  15219
412-288-4118 (MHM)
412-288-4054 (SG)
412-288-3063 (Facsimile)
mmunsch@reedsmith.com
sgupta@reedsmith.com

Counsel for Defendant
Highmark, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February, 2006, the foregoing Defendant's Reply To Plaintiff's Opposition To Motion For Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/ s / Martha Hartle Munsch
Martha Hartle Munsch, Esq.
(PA ID No. 18176)
mhmunsch@reedsmith.com
ReedSmithLLP
435 Sixth Avenue
Pittsburgh, PA  15219
Ph: 412.288.4118
Fax: 412.288.3063
Counsel for Defendant